UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bernard Eggenberger,

       Plaintiff,

v.                                                                                          Case No. 14-CV-4487 (JNE/JSM)
                                                                ORDER

West Albany Township, a Minnesota
governmental entity, and John W. Moechnig,
West Albany Township City Clerk in his
official capacity or his successor,

       Defendants.


       Plaintiff Bernard Eggenberger claims that Defendant West Albany Township in Wabasha County, Minnesota violated his state and federal constitutional rights by refusing him access to and copies of the township's public documents. This matter is before the Court on Defendants' motion for judgment on the pleadings. For the reasons stated below, Defendants' motion is granted and the claims dismissed.

## BACKGROUND

       Eggenberger is a resident of West Albany Township and a self-described political activist who seeks to expose irregularities in West Albany's governance. To that end, he has publicly criticized the township's government and reported the township's conduct to authorities such as the Minnesota State Auditor, among other activities.

       Eggenberger broadly alleges that West Albany Township has denied him access to inspect or to obtain copies of public government data. More specifically, Eggenberger alleges that the township has rejected his requests for government data, "including copies of minutes of the Township Board" and "copies of the Township Board's journal of recorded votes," even

"when he has offered to make his own photostatic copies."[1] He also alleges that, "[o]n one occasion, after providing the Township with the requested funds to conduct a search for and to obtain copies of public government documents, the Township returned the check to Eggenberger and denied his request to the public government data requested." West Albany "has in the past provided citizens other than Eggenberger with copies of government data upon request." Eggenberger does not allege that West Albany Township denied him access to township proceedings or hearings. He also does not allege that the township denied him access to read, transcribe, or take his own pictures of the documents he seeks.

Eggenberger filed suit in state court. Defendants removed the action to this Court on October 24, 2014. The first two claims of the amended complaint are for violations of Minnesota's Constitution. The third claim alleges a violation of the First Amendment of the U.S. Constitution. The fourth and fifth claims are First Amendment retaliation claims. On November 26, 2014, Defendants moved for judgment on the pleadings.

**STANDARD OF REVIEW**

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim. *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). A court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a complaint need not contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

---

[1] The Oxford English Dictionary Online defines "photostatic" as "designating or produced by a photostat or other photocopying machine." OED Online (December 2014). A "photostat" is a "kind of photocopying machine" or a "photocopy." *Id.*

2

555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### A. Plaintiff's State Constitutional Claims

Claim I alleges that Defendants violated a general state constitutional right to inspect and copy public records and documents, a right that is protected under Article I, § 2 of the Minnesota Constitution. Claim II alleges that Defendants violated Eggenberger's state constitutional rights to free speech and association and the right to petition the government for redress.

There is no authority providing a cause of action for the alleged state constitutional violations. Minnesota has not enacted a statute similar to 42 U.S.C. § 1983, which allows civil lawsuits for violations of the U.S. Constitution, and no Minnesota court has recognized a private cause of action for violations of the Minnesota Constitution. *See Jihad v. Fabian*, No. 09-CV-1604, 2011 WL 1641767, at *3 (D. Minn. May 2, 2011). Eggenberger argues that his cause of action comes from the Minnesota Declaratory Judgment Act. That Act "gives courts within their respective jurisdictions the power to declare rights, status, and other legal relations," but the Act "cannot create a cause of action that does not otherwise exist." *Hoeft v. Hennepin Cnty.*, 754 N.W.2d 717, 722 (Minn. App. 2008) (quotation marks omitted), *review denied* (Minn. Nov. 18, 2008). "A party seeking a declaratory judgment must have an independent, underlying cause of action based on a common-law or statutory right." *Alliance for Metro. Stability v. Metro*.

*Council*, 671 N.W.2d 905, 916 (Minn. App. 2003). Eggenberger points to no independent authority providing him a cause of action for his state claims.

**B. Plaintiff's Federal Constitutional Claims**

*1. Immunity*

Before discussing the merits of Plaintiff's federal constitutional claims, the Court will discuss the immunity issues raised by Defendants. They argue that Defendant John Moechnig, who is sued in his official capacity as the township's clerk, has qualified immunity. "A suit against a public employee in his or her official capacity is merely a suit against the public employer. Qualified immunity is not a defense available to governmental entities, but only to government employees sued in their individual capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citation omitted); *see Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."). Because Moechnig is sued in his official capacity and not his individual capacity, qualified immunity is unavailable.

Defendants also argue that West Albany Township is immune under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), which held that a local government is liable under 42 U.S.C. § 1983 only for injuries inflicted pursuant to an official policy or custom. *Id.* at 694. The municipality must itself be responsible for the policy, which must have been adopted by "the official or officials responsible under state law for making policy in *that area* of the city's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). West Albany Township denied one of Eggenberger's information requests for the stated reason: "BY ACTION OF TOWN BOARD 8-27-2012." This statement suggests that at least one of the denials was made

pursuant to an official policy enacted by the West Albany Township Board, which is the township's governing body. Accordingly, if this policy is unconstitutional, West Albany may be liable under section 1983.

   2. *Claim III—First Amendment Violation*

Eggenberger alleges that the township's refusal to allow him access to and copies of public documents violates his First Amendment rights.

The First Amendment does not "mandate[] a right of access to government information or sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) (plurality opinion).[2] "The Constitution itself is neither a Freedom of Information Act nor an Official Secrets Act." *Id*. at 14. The disclosure of government information generally is left to the "political forces." *Id*. at 14–15.

Here, the political forces have established a right to access and copies of public documents under the Minnesota Government Data Practices Act (MGDPA), which requires government entities to permit people "to inspect and copy public government data at reasonable times and places." Minn. Stat. § 13.03, subd. 3. Defendants maintain that the MGDPA does not apply to West Albany Township because the statute specifically limits its scope to towns located in the metropolitan area, *id.* at § 13.02, subd. 11, which does not include towns in Wabasha County. *Id*. at § 473.121, subd. 2. Eggenberger does not dispute that the MGDPA does not apply to West Albany Township. Instead, he effectively takes the position that there is a First

---

[2]   Although *Houchins* is a plurality opinion of a seven-member Court joined by three members, Justice Stewart concurred in the judgment and wrote that "[t]he First and Fourteenth Amendments do not guarantee the public a right of access to information generated or controlled by government," and he "agree[d] substantially with what the [plurality] opinion of The Chief Justice has to say on that score." 438 U.S. at 16 (Stewart, J., concurring in the judgment).

Amendment right to access documents that is broader than the statute and compels the statutorily-exempt township to provide certain information to him anyway.

Under *Houchins*, this argument is unavailing. Eggenberger has no First Amendment right to access or copies of the documents he seeks, and the First Amendment does not compel the township to provide the documents to him. *Shero v. City of Grove*, 510 F.3d 1196 (10th Cir. 2007), is substantially on point. In that case, the Tenth Circuit affirmed the district court's grant of summary judgment against a plaintiff seeking access to "council packets," which were prepared for city council members before meetings and contained information such as agenda items, because under *Houchins* the plaintiff "has no First Amendment right to receive the council packets" and the "City is not compelled by the *First Amendment* to provide information" to him. *Id*. at 1199, 1202 (emphasis in original).

The Supreme Court and Eighth Circuit have recognized a limited First Amendment right to access particular judicial proceedings and documents. *See Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 10 (1986) (finding a First Amendment right to access certain pre-trial criminal proceedings); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 579–81 (1980) (finding a First Amendment right to access criminal trials); *In re Search Warrant*, 855 F.2d 569, 573 (8th Cir. 1988) (finding that "the first amendment right of public access does extend to the documents filed in support of search warrant applications"); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983) (finding that "the First Amendment extends to proceedings for contempt, a hybrid containing both civil and criminal characteristics"). These cases do not support Eggenberger's claim because he does not seek access to judicial proceedings or documents.

The Second and Sixth Circuits have extended the First Amendment right to access to adjudicatory proceedings before administrative agencies. *See New York Civil Liberties Union v. New York City Transit Auth.*, 684 F.3d 286, 290 (2d Cir. 2011) (finding that the public has a right to access the adjudicatory proceedings of New York City's Transit Adjudication Bureau); *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002) (finding a First Amendment right to access deportation proceedings). The Third Circuit has also recognized a right to attend municipal planning commission meetings. *Whiteland Woods, L.P. v. West Whiteland*, 193 F.3d 177, 180–81 (3rd Cir. 1989). These cases are inapposite because Eggenberger does not allege that he has been denied access to observe the township's proceedings. He alleges that he has been denied access to[3] and copies of documents and data, not proceedings or hearings.

Eggenberger cites *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), and *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008), for the proposition that there is a common law right to inspect and copy public documents. However, Eggenberger brings a constitutional and not a common law claim. While it is true that an analysis of English common law and its adoption by the American colonies can be relevant to determining the intent of the framers, *see Hunt v. Roth*, 648 F.2d 1148, 1159 (8th Cir. 1981), Eggenberger provides no discussion of English or early American common law and he does not allege that a relevant tradition of access exists for the documents at issue here. *See Capital Cities Media, Inc. v. Chester*, 797 F.2d 1164, 1167, 1175 (3rd Cir. 1986) (sustaining dismissal of a complaint seeking access to a state agency's records because the plaintiff "failed to allege that a tradition of public access exists").

---

[3] When Plaintiff refers to access to documents, it is not clear whether he means anything other than copies of documents. Though the complaint broadly states that Defendant denied Plaintiff "access" to documents, the specific allegations only concern Plaintiff's denied requests for copies.

*3. Claim IV—First Amendment Retaliation*

Eggenberger claims that West Albany Township denied his information requests to retaliate against him because he reported irregularities in township governance to the Minnesota State Auditor's Office and others. To prevail on his First Amendment retaliation claim, Eggenberger must show: "(1) that he engaged in a constitutionally protected activity; (2) that the defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated in part by [the] exercise of his constitutional rights." *Scheffler v. Molin*, 743 F.3d 619, 621 (8th Cir.) *cert. denied*, 135 S. Ct. 203 (2014).

Eggenberger's First Amendment retaliation claims fails at the second prong. Eggenberger relies primarily on *Dorr v. Weber*, 741 F. Supp. 2d 1010 (N.D. Iowa 2010), in which the district court found that a sheriff violated the plaintiff's First Amendment rights by denying his application for a concealed weapons permit in retaliation for his constitutionally protected activities. *Id.* at 1011, 1018. Like the plaintiff in *Dorr*, Eggenberger's injury involves requests denied by a state actor. However, in *Dorr*, the court stated that denial of the application "leaves the applicant with an unremedied concern for their own safety" and opens the applicant to "the possibility of criminal prosecution" if he decides to carry a concealed weapon without the permit. *Id.* at 1018. Here, the denials of Eggenberger's requests for documents do not implicate Eggenberger's physical safety and do not raise the same possibility of punishment by the state. Eggenberger's injuries are more like those of the plaintiff in *Shero*, in which the Tenth Circuit held that the plaintiff's retaliation claim failed because the city's denials of his requests for information were, "at best, de minimis injuries." 510 F.3d at 1204. Similarly, West Albany Township's denials of Eggenberger's information requests are insufficient to chill a person of

ordinary firmness from continuing his protected activities. *See Naucke v. Park Hills*, 284 F.3d 923, 928 (8th Cir. 2002) ("[I]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.").

   4. *Claim V—First Amendment Retaliation: Interference with Judicial Process*

Eggenberger also raises another First Amendment retaliation claim based on the township's refusal to comply with a subpoena. In a separate action, Eggenberger sued private parties in conciliation court for interfering with public interests to park land. The court issued a subpoena requesting that West Albany Township, which was not a party to the action, produce all minutes from 2008 through part of 2013, a payroll journal for the board members, and other documents. West Albany Township objected to the request pursuant to Minn. R. Civ. P. 45.03(b)(2), which allows a party served with a subpoena to submit "written objection to producing any or all of the designated materials." Eggenberger alleges that this refusal to honor the subpoena request is impermissible retaliation. The issue here is whether this refusal would chill a person of ordinary firmness from continuing with his constitutionally protected activities.

If objection has been made to a subpoena, Minn. R. Civ. P. 45.03(b)(2) allows the party serving a subpoena to "move at any time for an order to compel the production." A party may also appeal an adverse conciliation court decision to state district court. *See* Minn. Gen. R. Prac. 521. Ordinary people in Eggenberger's position would not have felt their speech chilled by the township's procedural objection to the subpoena. Rather, if they wanted the documents produced, they would have used the procedures available to them to compel production.

Eggenberger also alleges that the "Township Board's direction to the Township's attorney to explore the possibility of obtaining a restraining order against Eggenberger and the

9

Board's threat to obtain a restraining order against Eggenberger was in direct retaliation for the service of [the] subpoena." There are no allegations that a restraining order was ever issued against Eggenberger. Eggenberger has only alleged that a threat to obtain such an order was made. The mere threat of a restraining order would not deter a person of ordinary firmness from continuing constitutionally protected activities. *See Scheffler*, 743 F.3d at 622 (a directive from a city official to call the police about the plaintiff was insufficient to establish a retaliation claim because the directive "was a threat that the police would come; what the police would do after that was in their discretion").

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motion for judgment on the pleadings [Docket No. 12] is GRANTED and Plaintiff's claims are DISMISSED with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 9, 2015

                                                   s/Joan N. Ericksen\
                                                   JOAN N. ERICKSEN\
                                                 United States District Judge